UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

| | |
|---|---|
| MACOMB COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>                      Plaintiff,<br>    v.<br><br>MASSEY ENERGY COMPANY, DON L. BLANKENSHIP, BAXTER F. PHILLIPS, JR., ERIC B. TOLBERT, RICHARD M. GABRYS, LADY BARBARA THOMAS JUDGE, DAN R. MOORE, JAMES B. CRAWFORD, ROBERT H. FOGLESONG and STANLEY C. SUBOLESKI,<br><br>                      Defendants. | No. 5:10-cv-00689<br><br>Hon. Irene C. Berger |
| FIREFIGHTERS' RETIREMENT SYSTEM OF LOUISIANA, Individually and On Behalf of All Others Similarly Situated,<br><br>                      Plaintiff,<br>    v.<br><br>MASSEY ENERGY COMPANY, DON L. BLANKENSHIP; BAXTER F. PHILLIPS, JR.; ERIC B. TOLBERT, DAN R. MOORE; E. GORDON GEE; RICHARD M. GABRYS; JAMES B. CRAWFORD; ROBERT H. FOGLESONG; STANLEY C. SUBOLESKI; LADY BARBARA THOMAS JUDGE; and J. CHRISTOPHER ADKINS;<br><br>                      Defendants. | No. 5:10-cv-00776<br><br>Hon. Irene C. Berger |

**MEMORANDUM OF LAW IN FURTHER
SUPPORT OF THE MOTION OF THE COMMONWEALTH OF
MASSACHUSETTS PENSION RESERVES INVESTMENT TRUST FOR
CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF
<u>SELECTION OF COUNSEL, AND IN OPPOSITION TO THE COMPETING MOTIONS</u>**

The Commonwealth of Massachusetts Pension Reserves Investment Trust ("Massachusetts" or "PRIT") respectfully submits this memorandum of law in further support of its motion for consolidation, appointment as Lead Plaintiff, and approval of selection of Lead Counsel and Liaison Counsel, and in opposition to the competing motions.[1]

## I. INTRODUCTION

The lead plaintiff appointment process is governed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"). The PSLRA sets forth a straightforward, three-step process for the appointment of lead plaintiff. In the first step, the Court identifies the "most adequate plaintiff," which is defined as the movant with the "largest financial interest" in the relief sought by the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). In the second step, the Court determines whether that movant also meets the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). If such a movant satisfies these requirements, it becomes the "presumptive[] most adequate plaintiff . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). In step three, competing lead plaintiff applicants may submit "proof" that the presumptive most adequate plaintiff cannot adequately represent the class. *Id.*

Massachusetts, with approximate losses of $4.9 million under the first-in-first-out ("FIFO") loss methodology, and $3.8 million under the last-in-first-out ("LIFO") loss methodology, has the largest financial interest of all the lead plaintiff movants:

| MOVANT | LIFO LOSS | FIFO LOSS |
|---|---:|---:|
| Massachusetts | $3,835,359 | $4,855,184 |
| MEE Investor Group | 1,041,481 | 1,041,481 |
| David Wagner | 166,315 | 166,315 |
| Wayne County | 55,519 | 55,519 |

---

[1] The competing movants are: (1) Brian D. Goe, Justin Dubler, and Mohammad T. Hashemi (the "MEE Investor Group"); (2) David Wagner; and (3) Wayne County Retirement System ("Wayne County").

In addition to possessing the largest financial interest in the relief sought by the Class, Massachusetts also satisfies the requirements of Rule 23.  *See In re Royal Ahold N.V. Sec. & ERISA Litig.*, 219 F.R.D. 343, 350 (D. Md. 2003).  Massachusetts is a sophisticated institutional investor that manages approximately $44 billion in assets, has represented shareholder classes as a lead plaintiff in securities litigations, and is experienced in the fulfillment of the fiduciary duties imposed on the lead plaintiff by the PSLRA.  Massachusetts' appointment as lead plaintiff would also comport with Congress' preference for institutional investors to lead securities class actions.  *See* H.R. Conf. Rep. No. 104-369 at 34 (1995), *as reprinted in* 1995 U.S.C.A.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

The PSLRA lead plaintiff process is sequential.  After identifying the movant with the largest financial interest, which is Massachusetts, the Court must examine whether ***that movant*** satisfies the adequacy and typicality requirements of Rule 23.  *See In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ("Once . . . the court identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether [it] satisfies the other statutory requirements."); *In re Cree, Inc. Sec. Litig.*, 219 F.R.D. 369, 371-72 (M.D.N.C. 2003) ("In determining whether the statutory presumption applies, the court must evaluate any proposed lead plaintiff to make sure it conforms to the mandates of the PSLRA.").  If it does, the inquiry ends there and the Court should presume Massachusetts to be the "most adequate plaintiff."  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Massachusetts has the largest financial interest in this litigation, meets the requirements of Rule 23, and should be appointed Lead Plaintiff in this litigation.

## II.     ARGUMENT

### A.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED

The *Macomb County Employees' Retirement System* and *Firefighters Retirement System of Louisiana* actions should be consolidated. Rule 42(a) of the Federal Rules of Civil Procedure allows the Court to consolidate actions that involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *see also Royal Ahold,* 219 F.R.D. at 348 ("Consolidation is often appropriate in [a] case of multiple securities fraud actions that are based on the same public statements and reports."); 15 U.S.C. § 78u-4(a)(3)(B)(ii) (the PSLRA recommends courts to make the decision regarding the appointment of lead plaintiffs for the consolidated action "[a]s soon as practicable after [the consolidation] decision is rendered"). The requirements of Rule 42(a) are met here because these two actions present substantially similar factual and legal issues, arise out of the same alleged scheme by defendants, and allege violations of the federal securities laws. *See* Massachusetts' Mem. in Supp. of Mot. to Appoint Lead Pl. & Approve Selection of Co-Lead Counsel ("Massachusetts Br.") at 4-5 (Dkt. #15). Moreover, all of the movants agree that these two actions should be consolidated. Consolidation, therefore, is appropriate.

### B.     MASSACHUSETTS HAS THE LARGEST FINANCIAL INTEREST IN THE RELIEF SOUGHT BY THE CLASS

The touchstone of the lead plaintiff appointment process involves a determination as to which lead plaintiff applicant has the "largest financial interest" in the relief sought by the class. Courts near-uniformly determine which movant has the largest financial interest by looking to the respective movants' losses. *See, e.g.*, *In re Microstrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 436-37 (E.D. Va. 2000); *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 395 (S.D.N.Y. 2008); *In re Bally Total Fitness Sec. Litig.*, No. 04-C-3530, 2005 WL 627960, at *5 (N.D. Ill. Mar. 15, 2005). The FIFO and LIFO loss methodologies are the

predominant loss calculation methodologies used in district courts across the country. *See, e.g.*, *Vladimir v. Bioenvision, Inc.*, No. 07 Civ. 6416, 2007 WL 4526532 (S.D.N.Y. Dec. 21, 2007); *Johnson v. Dana Corp.*, 232 F.R.D. 95, 100 (S.D.N.Y. 2005).

Massachusetts suffered approximate FIFO losses of $4.9 million and LIFO losses of $3.8 million. These losses are nearly five and four times larger, respectively, than the FIFO and LIFO losses of the MEE Investor Group, which suffered the next-largest losses.[2] Massachusetts, therefore, has the largest financial interest in the litigation, and is entitled to the presumption that it is the "most adequate plaintiff."

C.  **MASSACHUSETTS SATISFIES THE REQUIREMENTS OF RULE 23**

Once the court has identified the movant with the largest financial interest in the litigation, it next determines whether that plaintiff preliminarily meets the adequacy and typicality requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *see also Cavanaugh*, 306 F.3d at 732 ("Once . . . the court identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether [it] satisfies the other statutory requirements."); *Klugmann v. Am. Capital Ltd.*, Civ. No. PJM 09-5, 2009 WL 2499521, at *6 (D. Md. Aug. 13, 2009). As demonstrated in its opening brief, Massachusetts readily meets the typicality and adequacy requirements of Rule 23. *See* Massachusetts Br. at 7-9.

   1.  **Massachusetts Fulfills the Typicality Requirement**

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of

---

[2] The MEE Investor Group and Wayne County acknowledge that Massachusetts possesses the largest financial interest in the litigation and support Massachusetts' motion. *See* Dkt. ## 29, 30. (unless otherwise noted, all references to "Dkt. #" herein refer to *Macomb County Employees' Retirement System v. Massey Energy Co.*, 5:10-cv-689 (W.D. Tenn.)).

- 4 -

those of the class. The typicality requirement of Rule 23(a)(3) is satisfied when "the claims or defenses of the representative parties are typical of the claims or defenses of the class . . . ." Fed. R. Civ. P. 23(a)(3); *see also Royal Ahold*, 219 F.R.D. at 350 ("typicality is satisfied if the movant's claim arises from the same course of events . . . and relies on similar legal theories"); *Cree*, 219 F.R.D. at 372 ("[t]he typicality requirement . . . requires that a lead plaintiff suffer the same injuries as the class as a result of the defendant's conduct and has claims based on the same legal issues."). Massachusetts seeks to represent a class of purchasers of Massey stock who have identical, non-competing, and non-conflicting interests. Massachusetts satisfies the typicality requirement because it: (1) purchased or acquired the publicly-traded shares of Massey at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and/or omissions, and (2) suffered damages upon disclosure of the truth. *See Glauser v. EVCI Ctr. Colls. Holding Corp.*, 236 F.R.D. 184, 189 (S.D.N.Y. 2006) (discussing the typicality requirement); *see also* Massachusetts Br. at 8. Thus, Massachusetts' claims are typical of those of other Class members, because its claims and the claims of other Class members arise out of the same course of events.

      **2.**     <u>**Massachusetts Fulfills the Adequacy Requirement**</u>

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." Representation is adequate when the Court makes a finding that "the purported class representative and its attorneys are capable of pursuing the litigation and that neither has a conflict of interest with other class members." *Cree*, 219 F.R.D. at 372. As detailed above, Massachusetts shares common questions of law and fact with Class members, has claims that are typical of the claims of other Class members, and suffers from no conflicts of interest with the Class. Furthermore, Massachusetts has the largest known financial interest, which gives it "an incentive to prosecute the case vigorously." *Ferrari v. Gisch*, 225 F.R.D. 599,

- 5 -

607 (C.D. Cal. 2004). Finally, Massachusetts' proposed lead counsel, Labaton Sucharow LLP, has a national reputation for successfully prosecuting complex securities class actions, and its proposed liaison counsel, James F. Humphreys & Associates L.C., is experienced in litigating in this District. *See* Massachusetts Br. at 10-11; *see also* Labaton Sucharow Firm Resume, attached as Ex. D to the Decl. of Alan I. Ellman, dated June 28, 2010 (Dkt. #16-5).

Massachusetts' adequacy is further demonstrated by the benefits to the Class that it would bring to the litigation as lead plaintiff. As the U.S. Supreme Court has noted, the lead plaintiff provision of the PSLRA is "aimed to increase the likelihood that institutional investors—parties more likely to balance the interests of the class with the long-term interests of the company—would serve as lead plaintiffs." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 321 (2007). Massachusetts has been a full participant in cases in which it was appointed lead plaintiff, actively monitoring its chosen counsel's work and playing a major role in all settlement discussions. Courts have extolled this type of experience in selecting lead plaintiff. *See, e.g.*, *In re Pfizer Inc. Sec. Litig.*, 233 F.R.D. 334, 338 (S.D.N.Y. 2005) (appointing institutional investor that "has extensive litigation experience, has served as lead plaintiff in multiple securities class actions, and has overseen sizeable recoveries in several of these. It is precisely the type of plaintiff envisioned under the PSLRA."); *In re Gemtar-TV Guide Int'l, Inc. Sec. Litig.*, 209 F.R.D. 447, 455 (C.D. Cal. 2002) (appointing pension funds as lead plaintiff, "given their sophistication and experience prosecuting these types of cases"). Moreover, 85 of the top 100 recoveries (by dollar value) under the PSLRA have involved institutional lead plaintiffs. *See* http://blog.riskmetrics.com/slw/SCAS_Top_100_Dec_31_2009.pdf. If appointed, Massachusetts would be a single lead plaintiff exercising undiluted control over the prosecution of the litigation. *See In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427,

459 (S.D. Tex. 2002) (appointing single institutional investor as lead plaintiff); *In re Waste Mgmt., Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 433 (S.D. Tex. 2000) (same).

Thus, in addition to having the largest financial interest, Massachusetts also satisfies the typicality and adequacy requirements of Rule 23 and, therefore, satisfies all of the prerequisites for appointment as lead plaintiff in this action pursuant to the PSLRA. Having established that it has the largest financial interest in the relief sought by the Class and that it satisfies the requirements of Rule 23, the Court should appoint Massachusetts as Lead Plaintiff in this litigation.

**D.    ALL OTHER MOTIONS SHOULD BE DENIED**

None of the competing movants possesses the largest financial interest, *see supra* at 1, and there is no proof to rebut the presumption established by Massachusetts. Accordingly, the competing motions should be denied. *See Cavanaugh*, 306 F.3d at 732; *see also Klugmann*, 2009 WL 2499521, at *6.

**III.    CONCLUSION**

For the above reasons and those set forth in its opening papers, Massachusetts respectfully requests that the Court: (1) consolidate the above-captioned cases; (2) appoint Massachusetts as Lead Plaintiff; (3) approve Labaton Sucharow LLP as Lead Counsel and James F. Humphreys & Associates L.C. as Liaison Counsel; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: July 15, 2010                                Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　  /s/ Samuel D. Elswick  

　　　　　　　　　　　　　　　　　　　　　　　　Samuel D. Elswick, Bar ID # 9271
　　　　　　　　　　　　　　　　　　　　　　　　James A. McKowen
　　　　　　　　　　　　　　　　　　　　　　　　**JAMES F. HUMPHREYS &**
　　　　　　　　　　　　　　　　　　　　　　　　　　**ASSOCIATES L.C.**

United Center, Suite 800
500 Virginia Street, East
Charleston, West Virginia 25301
Telephone: (304) 347-5050
Facsimile: (304) 347-5055
selswick@jfhumphreys.com
jmckowen@jfhumphreys.com

*Proposed Liaison Counsel for the Class*


Christopher J. Keller
Eric J. Belfi
Alan I. Ellman
Stefanie J. Sundel
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ckeller@labaton.com
ebelfi@labaton.com
aellman@labaton.com
ssundel@labaton.com

*Counsel for Massachusetts and
Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

- **Jonathan L. Anderson**
  jlanderson@jacksonkelly.com

- **Eric J. Belfi**
  ebelfi@labaton.com

- **John F. Dascoli**
  johnfdascoli@hotmail.com,
  pamdc519@aol.com

- **Alan I. Ellman**
  aellman@labaton.com

- **Samuel D. Elswick**
  selswick@jfhumphreys.com

- **A. L. Emch**
  aemch@jacksonkelly.com,
  sra@jacksonkelly.com,
  jcrawford@jacksonkelly.com

- **Thomas V. Flaherty**
  tflaherty@fsblaw.com,
  cmontague@fsblaw.com

- **Troy N. Giatras**
  troy@thewvlawfirm.com,
  pam@thewvlawfirm.com

- **Tammy R. Harvey**
  tharvey@fsblaw.com,
  cmontague@fsblaw.com

- **Dennis J. Herman**
  dennish@rgrdlaw.com

- **Christopher J. Keller**
  ckeller@labaton.com

- **James A. McKowen**
  jmckowen@jfhumphreys.com,
  dhoffman@jfhumphreys.com,
  dmilhoan@jfhumphreys.com,
  cs1jam@aol.com

- **Bradley J. Pyles**
  brad.pyles@cphtlogan.com,
  bjpyles@suddenlink.net

- **Darren J. Robbins**
  e_file_d@csgrr.com

- **Ronald S. Rolfe**
  rrolfe@cravath.com, jsneider@cravath.com,
  managing_attorneys_office@cravath.com,
  sthompson@cravath.com

- **Stefanie J. Sundel**
  ssundel@labaton.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com

I also hereby certify that I have mailed the document by United States Postal Service to the following non-CM/ECF participants:

**Michael J. Vanoverbeke**
**Thomas C. Michaud**
VANOVERBEKE MICHAUD &
  TIMMONY
79 Alfred Street
Detroit, MI 48201

**Stephen L. Brodsky**
**Richard A. Speirs**
ZWERLING SCHACHTER &
  ZWERLING
41 Madison Avenue, 32nd Floor
New York, NY 10010

**David A.P. Brower**
**Charles J.Piven**
BROWER PIVEN
488 Madison Avenue, Eighth Floor
New York, NY 10022

**Laurie L. Largent**
ROBBINS GELLER RUDMAN &
   DOWD
100 Pine Street, Suite 2600
San Francisco, CA 94111

**David C. Walton**
**Tricia L. McCormick**
ROBBINS GELLER RUDMAN &
   DOWD
655 West Broadway, Suite 1900
San Diego, CA 92101

**J. Burton LeBlanc**
**Mazin Sbaiti**
BARON & BUDD
312 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219

**Julie A. North**
CRAVATH SWAINE & MOORE
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

Dated: July 15, 2010

   */s/ Samuel D. Elswick*

Samuel D. Elswick, Bar ID # 9271
**JAMES F. HUMPHREYS &**
   **ASSOCIATES L.C.**
United Center, Suite 800
500 Virginia Street, East
Charleston, West Virginia 25301
Telephone: (304) 347-5050
Facsimile: (304) 347-5055
selswick@jfhumphreys.com