UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

| | | |
|---|---|---|
| MACOMB COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | No. 5:10-cv-00689-ICB |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) | The Honorable Irene C. Berger |
| MASSEY ENERGY COMPANY, et al., | ) ) ) | |
| Defendants. | ) ) ) | |
| FIREFIGHTERS' RETIREMENT SYSTEM OF LOUISIANA, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | No. 5:10-cv-00776-ICB |
| Plaintiff, | ) ) ) | CLASS ACTION |
| vs. | ) ) ) | The Honorable Irene C. Berger |
| MASSEY ENERGY COMPANY, et al., | ) ) ) | |
| Defendants. | ) ) ) ) | |

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE IMPROPER NEW ARGUMENTS IN REPLY BRIEF, OR IN THE ALTERNATIVE FOR LEAVE TO FILE SURREPLY

On June 28, four motions were filed seeking appointment as lead plaintiff by the following: (1) David Wagner; (2) Commonwealth of Massachusetts Pension Reserves Investment Trust ("PRIM"); (3) MEE Investor Group; and (4) Wayne County Employees' Retirement System ("Wayne County").  The Court denied the motions of: (1) the MEE Investor Group after it requested that its motion be withdrawn (Docket #35); and (2) Wayne County after it supported PRIM's motion.  Docket #34.  On July 15, 2010, the date that oppositions were due to be filed, Wagner filed an opposition, pointing out that not only does PRIM not have any financial interest in the relief sought by the class, but also that PRIM is subject to serious unique defenses which threaten the class and prohibit PRIM's appointment as lead plaintiff in this case.  PRIM also filed an opposition, but raised only one argument against Wagner – based upon the size of his claimed financial interest. PRIM raised **no other arguments** against Wagner in its opposition.  Thereafter, on July 26, 2010, Wagner filed a reply memorandum, which addressed only the arguments made in the oppositions. PRIM, however, filed a Reply Memorandum of Law in Further Support of the Motion of the Commonwealth of Massachusetts Pension Reserves Investment Trust for Consolidation, Appointment as Lead Plaintiff, and Approval of Selection of Counsel ("Reply") on July 26, 2010, which did not merely address arguments made in the opposition briefs.  Rather, in an attempt to deflect attention from PRIM's own deficiencies pointed out by Wagner in his opposition, PRIM's Reply improperly raises a host of new attacks against Wagner and his counsel.  Such arguments which were never raised prior to the reply briefs are not appropriate in a reply memorandum as they do not allow the other party to respond to the arguments, nor do they allow the Court to have a full record of arguments on all sides of the issues prior to making a decision.  *See generally Hunt v. Nuth*, 57 F.3d 1327, 1338 (4th Cir. 1995) ("appellate courts generally will not address new arguments raised in a reply brief because it would be unfair to the appellee and would risk an improvident or ill-advised opinion on the legal issues raised"); *Goodman v. Praxair Servs.*, 632 F.

- 1 -

Supp. 2d 494, 512 n.8 (D. Md. 2009) ("Courts have broad discretion to decline to consider arguments or issues first raised in a reply brief.") (citing *Rasmussen v. Cal. DMV*, No. CV 08-1604-FMC (PLA), 2008 U.S. Dist. LEXIS 102473, at *2 (C.D. Cal. Dec. 17, 2008) (refusing to consider argument first raised in defendants' reply because the plaintiff was not given a chance to respond); *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1202 (9th Cir. 2001); *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507, 1514 n.6 (9th Cir. 1994); and *Daghlian v. DeVry Univ., Inc.*, 461 F. Supp. 2d 1121, 1144 n.37 (C.D. Cal. 2006)); *Nielsen v. U.S. Bureau of Land Mgmt.*, 252 F.R.D. 499, 528 n.15 (D. Minn. 2008) (noting "argument was improperly brought up by plaintiff for the first time in [a] reply, thus preventing defendants from having any opportunity to respond to it"); *Kavalir v. Medtronic, Inc.*, No. 07 cv 0835, 2008 U.S. Dist. LEXIS 82979, at *7-*8 n.4 (N.D. Ill. Aug. 27, 2008) ("[T]he Court will not entertain new legal arguments made for the first time in a reply brief to which Plaintiff had no opportunity to respond."); *Puckett v. McPhillips Shinbaum, LLP*, No. 2:06cv1148-ID (WO), 2008 U.S. Dist. LEXIS 26215, at *75-*76 n.16 (M.D. Ala. Mar. 31, 2008) (declining to address two additional grounds for summary judgment raised for the first time in defendants' reply brief). Consequently, PRIM's arguments against Wagner, raised for the first time in its Reply filed on July 26, 2010, at §§II.A., II.B., and II.C. should be stricken and not considered by the Court in the determination of lead plaintiff appointment. *See Affholder, Inc. v. N. Am. Drillers, Inc.*, No. 2:04-0952, 2006 U.S. Dist. LEXIS 79977, at *52 n.15 (S.D.W.Va. Nov. 1, 2006) (refusing to consider new arguments raised in reply because the opposing party did not have "the opportunity to respond to [the party's] belated arguments"); *Hull v. United States*, No. RWT 05-0109, 2008 U.S. Dist. LEXIS 69417, at *11 (D. Md. Sept. 5, 2008) (striking arguments made for the first time in a reply); *Jarvis v. Stewart*, No. 1:04CV00642, 2005 U.S. Dist. LEXIS 29724, at *2 (M.D.N.C. Nov. 17, 2005) (refusing to consider argument made for the first time in reply brief).

In the alternative, Wagner requests leave to file a surreply under Local Rule 7.1(a)(7), which gives the Court discretion to allow a surreply brief.  Such relief is warranted here, if the arguments are not stricken, where Wagner has had no opportunity to respond to the issues raised for the first time in PRIM's Reply.  *CSX Transp., Inc. v. Robert V. Gilkison, Peirce, Raimond & Coulter, P.C.*, No. 5:05CV202, 2008 U.S. Dist. LEXIS 91581, at *6-*7 (N.D.W.Va. Nov. 3, 2008) ("Generally, a surreply is permitted when a party seeks to respond to new material that an opposing party has introduced for the first time in its reply brief."); *Jones v. Sears Roebuck & Co.*, No. 5:06-cv-00345, 2007 U.S. Dist. LEXIS 98634, at *1-*2 (S.D.W.Va. Mar. 8, 2007) (granting leave to file surreply where new arguments were raised in a reply brief).  PRIM raises issues for the first time in its Reply regarding the timing of Wagner's purchases and the adequacy of Wagner's counsel, and attempts to allege new facts not previously alleged in any pleading in this case.  *See* Reply,§§II.A., II.B., and II.C.  Therefore, in the event the Court is inclined to consider the arguments PRIM improperly raises for the first time in its Reply, Wagner respectfully requests that he be ordered to file a surreply memorandum in order to: (1) allow Wagner to adequately respond to the new attacks against him; and (2) allow the Court to decide the important lead plaintiff decision with a complete record, including case law on both sides of the issues.

DATED:  July 27, 2010                    Respectfully submitted,

                                         JOHN F. DASCOLI, PLLC
                                         JOHN F. DASCOLI (SBID #6303)


                                         _____
                                             s/ JOHN F. DASCOLI
                                             JOHN F. DASCOLI

                                         2442 Kanawha Boulevard, East
                                         Charleston, WV  25311
                                         Telephone: 340/720-8684
                                         304/342-3651 (fax)

                                         [Proposed] Liaison Counsel

- 3 -

573494_1

ROBBINS GELLER RUDMAN & DOWD LLP
DARREN J. ROBBINS
TRICIA L. MCCORMICK
LAURIE L. LARGENT
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN & DOWD LLP
DENNIS J. HERMAN
CHRISTOPHER M. WOOD
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

[Proposed] Lead Counsel for Plaintiffs

573494_1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 27, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice Lists, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice Lists, and to:

Burton LeBlanc
Mazin Sbaiti
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX  75219-4281

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on July 27, 2010.

s/ JOHN F. DASCOLI
JOHN F. DASCOLI (SBID #6303)

JOHN F. DASCOLI, PLLC
2442 Kanawha Boulevard, East
Charleston, WV  25311
Telephone: 340/720-8684
304/342-3651 (fax)

E-mail:  johnfdascoli@hotmail.com

573494_1

# Mailing Information for a Case 5:10-cv-00689

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jonathan L. Anderson**
  jlanderson@jacksonkelly.com

- **Eric J. Belfi**
  ebelfi@labaton.com

- **John F. Dascoli**
  johnfdascoli@hotmail.com,Pamdc519@aol.com

- **Alan I. Ellman**
  aellman@labaton.com

- **Samuel D. Elswick**
  selswick@jfhumphreys.com

- **A. L. Emch**
  aemch@jacksonkelly.com,sra@jacksonkelly.com,jcrawford@jacksonkelly.com

- **Thomas V. Flaherty**
  tflaherty@fsblaw.com,cmontague@fsblaw.com

- **Troy N. Giatras**
  troy@thewvlawfirm.com,pam@thewvlawfirm.com

- **Tammy R. Harvey**
  tharvey@fsblaw.com,cmontague@fsblaw.com

- **Dennis J. Herman**
  DennisH@rgrdlaw.com

- **Christopher J. Keller**
  ckeller@labaton.com

- **James A. McKowen**
  Jmckowen@jfhumphreys.com,Dhoffman@jfhumphreys.com,Dmilhoan@jfhumphreys.com,Cs1jam@aol.com

- **Bradley J. Pyles**
  brad.pyles@cphtlogan.com,bjpyles@suddenlink.net

- **Darren J. Robbins**
  e_file_d@csgrr.com

- **Ronald S. Rolfe**
  rrolfe@cravath.com,jsneider@cravath.com,managing_attorneys_office@cravath.com,sthompson@cravath.com

- **Stefanie J. Sundel**
  ssundel@labaton.com

- **Christopher M. Wood**
  CWood@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Stephen L. Brodsky**
ZWERLING SCHACHTER & ZWERLING
32nd Floor
41 Madison Avenue
New York, NY 10010

**David A.P. Brower**
BROWER PIVEN
488 Madison Avenue, Eighth Floor
New York, NY 10022

**Laurie L. Largent**
ROBBINS GELLER RUDMAN & DOWD
Suite 2600
100 Pine Street
San Francisco, CA 94111

**Tricia L. McCormick**
ROBBINS GELLER RUDMAN & DOWD
Suite 1900
655 West Broadway
San Diego, CA 92101

**Thomas C. Michaud**
VANOVERBEKE MICHAUD & TIMMONY
79 Alfred Street
Detroit, MI 48201

**Julie A. North**
CRAVATH SWAINE & MOORE
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

**Charles J. Piven**
BROWER PIVEN
1925 Old Valley Road
Stevenson, MD 21153

**Richard A. Speirs**
ZWERLING SCHACHTER & ZWERLING
32nd Floor
41 Madison Avenue
New York, NY 10010

**Michael J. Vanoverbeke**
VANOVERBEKE MICHAUD & TIMMONY
79 Alfred Street
Detroit, MI 48201

**David C. Walton**
ROBBINS GELLER RUDMAN & DOWD
Suite 1900
655 West Broadway
San Diego, CA 92101