UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

| | |
|---|---|
| MACOMB COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>                       Plaintiff,<br>    v.<br><br>MASSEY ENERGY COMPANY, DON L. BLANKENSHIP, BAXTER F. PHILLIPS, JR., ERIC B. TOLBERT, RICHARD M. GABRYS, LADY BARBARA THOMAS JUDGE, DAN R. MOORE, JAMES B. CRAWFORD, ROBERT H. FOGLESONG and STANLEY C. SUBOLESKI,<br><br>                       Defendants. | No. 5:10-cv-00689<br><br>Hon. Irene C. Berger |
| FIREFIGHTERS' RETIREMENT SYSTEM OF LOUISIANA, Individually and On Behalf of All Others Similarly Situated,<br><br>                       Plaintiff,<br>    v.<br><br>MASSEY ENERGY COMPANY, DON L. BLANKENSHIP; BAXTER F. PHILLIPS, JR.; ERIC B. TOLBERT, DAN R. MOORE; E. GORDON GEE; RICHARD M. GABRYS; JAMES B. CRAWFORD; ROBERT H. FOGLESONG; STANLEY C. SUBOLESKI; LADY BARBARA THOMAS JUDGE; and J. CHRISTOPHER ADKINS;<br><br>                       Defendants. | No. 5:10-cv-00776<br><br>Hon. Irene C. Berger |

**THE COMMONWEALTH OF MASSACHUSETTS PENSION RESERVES INVESTMENT TRUST'S RESPONSE IN FURTHER OPPOSITION TO DAVID WAGNER'S MOTION TO STRIKE IMPROPER NEW ARGUMENTS IN <u>REPLY BRIEF, OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE SURREPLY</u>**

The Commonwealth of Massachusetts Pension Reserves Investment Trust ("Massachusetts PRIT" or "PRIT"), respectfully submits this response in further opposition to David Wagner's Motion to Strike Improper New Arguments in Reply Brief or, in the Alternative, for Leave to File Surreply ("Motion to Strike" or, alternatively, "Surreply Request"). *See* Dkt. ##41-42.[1]

Massachusetts PRIT regrets the extent to which rhetoric and additional briefing has beset the lead plaintiff process in this Action. The Private Securities Litigation Reform Act of 1995 ("PSLRA") sets forth a straightforward process for the appointment of a lead plaintiff.[2] Massachusetts PRIT, with approximate losses of **$4.9 million** under the first-in-first-out ("FIFO") loss methodology and **$3.8 million** under the last-in-first-out ("LIFO") loss methodology, has the largest financial interest in the Action. Massachusetts PRIT is a sophisticated institutional investor that manages approximately $44 billion in assets, has represented shareholder classes as a lead plaintiff in securities litigations, and is experienced in the fulfillment of the fiduciary duties imposed on the lead plaintiff by the PSLRA.

On July 27, 2010, Mr. Wagner filed a Motion to Strike **Sections II.A, II.B, and II.C (but not Section II.D)** of Massachusetts PRIT's Reply (Dkt. #42). Alternatively, he sought leave to file a surreply to **those Sections only**. On August 2, 2010, Mr. Wagner filed a proposed surreply (the "Surreply") in which **he addresses Section II.D of PRIT's Reply** at length (Dkt. #45-1). Mr. Wagner has, consequently, broadened the scope of the Motion to Strike without leave from the Court. The Surreply is an improper attempt to get a third bite at the apple.[3] Massachusetts PRIT

---

[1] Unless otherwise noted, "Dkt. No." refers to the above-captioned *Macomb County Employees' Retirement System v. Massey Energy Co.*, 10-cv-689 (S.D. W.Va.).

[2] *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) & 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

[3] Indeed, it appears that Mr. Wagner is mostly frustrated by Section II.D of PRIT's Reply. Now that he sees that he does not have the largest financial interest in the Action under FIFO, LIFO, *or under the so-called "Dura" method*, in his reply in support of the motion to strike, for the first time, Mr. Wagner asserts that "PRI[T]'s Reply raises . . . a new [October 2009] partial disclosure . . . . Thus, the new 'partial
*(footnote continued on next page)*

initially attempted to exhibit fairness with regard to Mr. Wagner's Surreply Request by agreeing to a brief surreply as it related to the unique defenses regarding the *timing of his purchases only*. Mr. Wagner has abused this act of fairness by distorting the facts and the law, and by filing a proposed Surreply going well beyond the scope of what Massachusetts PRIT consented to, and well beyond the scope of what Mr. Wagner *himself requested*.[4]  Massachusetts PRIT respectfully requests that this Court reject Mr. Wagner's attempts to defy the PSLRA, the Federal Rules of Civil Procedure, and the Local Rules of this Court.

Without further belaboring the points of contention, Massachusetts PRIT possesses the largest financial interest in the Action and meets the requirements of Rule 23, and Mr. Wagner has presented no *proof* (because none exists) to rebut the presumption established by Massachusetts PRIT.  Accordingly, Mr. Wagner's competing lead plaintiff motion should be denied, together with the Motion to Strike.  *See In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002); *see also Klugmann v. Am. Capital Ltd.*, 09-cv-05, 2009 WL 2499521, at *6 (D. Md. Aug. 13, 2009).  To the extent the Surreply is considered at all, it should be limited to Section II.A therein regarding the unique defense and atypicality of the timing of Mr. Wagner's purchases.  To the extent other sections of the Surreply are considered, Massachusetts PRIT seeks leave, pursuant to Local Rule 7.1(a)(7), to file a surreply to such sections.

---

*(footnote continued from previous page)*
disclosure' is a proper issue for Wagner to address in his surreply, if it is not stricken altogether."  Dkt. #45 at 2.

The October 2009 partial disclosure and PRIT's *Dura* calculations, however, are discussed in ***Section II.D*** of PRIT's Reply only.  Again, Mr. Wagner did not move to strike Section II.D, nor did he seek leave to address it in the Surreply Request.

[4]  Should the Court contemplate arguments in the Surreply relating to Section II.D of PRIT's Reply, Massachusetts PRIT respectfully submits that Mr. Wagner is wrong, *i.e.*, courts do consider partial disclosures first raised in lead plaintiff reply briefs.  *See*, *e.g.*, *Dutton v. Harris Stratex Networks, Inc.*, Civ. No. 08-755, 2009 WL 1598408, at *2 n.3 (D. Del. June 5, 2009) (considering disclosure alleged in the reply brief of a competing movant for the first time).

Dated: August 3, 2010

Respectfully submitted,

 /s/ Samuel D. Elswick

Samuel D. Elswick, Bar ID # 9271
James A. McKowen
**JAMES F. HUMPHREYS &
   ASSOCIATES L.C.**
United Center, Suite 800
500 Virginia Street, East
Charleston, West Virginia  25301
Telephone: (304) 347-5050
Facsimile: (304) 347-5055
selswick@jfhumphreys.com
jmckowen@jfhumphreys.com

*Proposed Liaison Counsel for the Class*

Christopher J. Keller
Eric J. Belfi
Alan I. Ellman
Stefanie J. Sundel
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York  10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ckeller@labaton.com
ebelfi@labaton.com
aellman@labaton.com
ssundel@labaton.com

*Counsel for the Commonwealth of Massachusetts
Pension Reserves Investment Trust and
Proposed Lead Counsel for the Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 3, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

- **Jonathan L. Anderson**
  jlanderson@jacksonkelly.com

- **Eric J. Belfi**
  ebelfi@labaton.com

- **John F. Dascoli**
  johnfdascoli@hotmail.com,
  pamdc519@aol.com

- **Alan I. Ellman**
  aellman@labaton.com

- **Samuel D. Elswick**
  selswick@jfhumphreys.com

- **A. L. Emch**
  aemch@jacksonkelly.com,
  sra@jacksonkelly.com,
  jcrawford@jacksonkelly.com

- **Thomas V. Flaherty**
  tflaherty@fsblaw.com,
  cmontague@fsblaw.com

- **Troy N. Giatras**
  troy@thewvlawfirm.com,
  pam@thewvlawfirm.com

- **Tammy R. Harvey**
  tharvey@fsblaw.com,
  cmontague@fsblaw.com

- **Dennis J. Herman**
  dennish@rgrdlaw.com

- **Christopher J. Keller**
  ckeller@labaton.com

- **James A. McKowen**
  jmckowen@jfhumphreys.com,
  dhoffman@jfhumphreys.com,
  dmilhoan@jfhumphreys.com,
  cs1jam@aol.com

- **Bradley J. Pyles**
  brad.pyles@cphtlogan.com,
  bjpyles@suddenlink.net

- **Darren J. Robbins**
  e_file_d@csgrr.com

- **Ronald S. Rolfe**
  rrolfe@cravath.com, jsneider@cravath.com,
  managing_attorneys_office@cravath.com,
  sthompson@cravath.com

- **Stefanie J. Sundel**
  ssundel@labaton.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com

I also hereby certify that I have mailed the document by United States Postal Service to the following non-CM/ECF participants:

**Michael J. Vanoverbeke**
**Thomas C. Michaud**
VANOVERBEKE MICHAUD &
  TIMMONY
79 Alfred Street
Detroit, MI 48201

**Stephen L. Brodsky**
**Richard A. Speirs**
ZWERLING SCHACHTER &
  ZWERLING
41 Madison Avenue, 32nd Floor
New York, NY 10010

**David A.P. Brower**
**Charles J.Piven**
BROWER PIVEN
488 Madison Avenue, Eighth Floor
New York, NY 10022

**Laurie L. Largent**
ROBBINS GELLER RUDMAN &
   DOWD
100 Pine Street, Suite 2600
San Francisco, CA 94111

**David C. Walton**
**Tricia L. McCormick**
ROBBINS GELLER RUDMAN &
   DOWD
655 West Broadway, Suite 1900
San Diego, CA 92101

**J. Burton LeBlanc**
**Mazin Sbaiti**
BARON & BUDD
312 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219

**Julie A. North**
CRAVATH SWAINE & MOORE
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

Dated: August 3, 2010

  /s/ Samuel D. Elswick

Samuel D. Elswick, Bar ID # 9271
**JAMES F. HUMPHREYS &**
   **ASSOCIATES L.C.**
United Center, Suite 800
500 Virginia Street, East
Charleston, West Virginia  25301
Telephone: (304) 347-5050
Facsimile: (304) 347-5055
selswick@jfhumphreys.com